```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


ANTHONY WILKINS, JR.,

        Movant,

v.                                    Case No. 2:07-cr-00149
                                      Case No. 2:08-cv-01123

UNITED STATES OF AMERICA,

        Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, the District Court referred Defendant's/Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition.  Rule 4(b), Rules Governing Section 2255 Proceedings, provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of any prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Anthony Wilkins, Jr. (hereinafter referred to as "Defendant") is serving a sentence of 108 months, to be followed by a five year term of supervised release, based on his guilty plea to an information charging him with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §

841(a)(1). He did not take a direct appeal.

His § 2255 Motion raises one ground for relief, which is that he was denied effective assistance of counsel because his attorney "failed to move for suppression of evidence obtained through an invalid warrantless search." (Motion, docket # 83, at 4, 14-15.) The court has examined Defendant's criminal case and has determined that Defendant's attorney did file a motion to suppress both the evidence seized from his residence and the subsequent statement given by him to officers (# 46, filed on November 19, 2007). The government filed a response to that motion (# 49). Before the presiding District Judge, the Hon. John T. Copenhaver, Jr., ruled on the motion to suppress, Defendant entered his guilty plea to the information on December 19, 2007 (## 66-69, 72).

The Supreme Court held:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.

United States v. Broce, 488 U.S. 563, 569 (1989). In reliance on Broce, the Fourth Circuit held that "[a] knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Defendant has not made any allegation that his guilty

plea was not knowing and voluntary. Defendant had an opportunity to challenge the government's evidence against him by pursuing to final ruling (and possible appeal) his motion to suppress. He relinquished that opportunity when he entered his guilty plea and essentially withdrew the motion to suppress.

The undersigned proposes that the presiding District Judge **FIND** that (1) Defendant's guilty plea established the elements of the offense and the material facts necessary to support the conviction; (2) Defendant waived his right to challenge the evidence against him when he entered his guilty plea; (3) Defendant was not denied effective assistance of counsel with respect to whether his attorney filed a motion to suppress on his behalf; and (4) it plainly appears from the motion and the record of prior proceedings that Defendant is not entitled to relief.

It is respectfully **RECOMMENDED** that the presiding District Judge dismiss Defendant's § 2255 motion.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections),

and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and counsel of record.

    October 15, 2008
           Date

Mary E. Stanley
United States Magistrate Judge